IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Christopher P. O. Banda | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | Civil Action No. |
| | § | |
| *versus* | § | 5:23-cv-946 |
| | § | |
| | § | |
| | § | |
| Elliott S. Cappuccio, Ryan | § | |
| Quiroz, and Pulman, Cappuccio | § | |
| & Pullen, LLP | § | |
| | § | |
| *Defendants* | § | |
| | § | |

Plaintiff's Original Complaint

_____

# Introduction

1. This case is about lawyers who knowingly misrepresented the active duty status of a service member in state court to obtain a default judgment permitting the foreclosure of an HOA's lien.

*Servicemembers Civil Relief Act*

2. Congress enacted the SCRA to:

    a. Provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of

       the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and

   b. Provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service. (50 U.S.C. § 3902)

3. The SCRA should be construed liberally. *See LeMaistre v. Leffers*, 333 U.S. 1, 6 (1948)("[T[he act must be read with an eye friendly to those who dropped their affairs to answer their country's call.").

4. The SCRA provides broad language for the tolling of statutes of limitations. It prohibits the inclusion of the period of a servicemembers military service in the calculation any statute of limitations. 50 U.S.C. § 3936.

5. The SCRA grants any aggrieved person a private right of civil action and the right to obtain equitable relief, monetary damages, punitive damages, costs and attorney's fees, and "all other appropriate relief." 50 U.S.C. § 4042, 4043.

6. When the Attorney General commences a civil action against a person who engages in a pattern or practice of violating the SCRA, it may recover all of the relief afforded to a Servicemember plus, in order to vindicate the public interest, a civil penalty of up to $55,000

for a first violation and up to $110,000 for every subsequent violation. (50 U.S.C. § 4041).

*Fair Debt Collection Practices Act*

7. The FDCPA is a strict liability statute meant to address the abusive, deceptive, and unfair practices of debt collectors.

8. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

9. Among these per se violations are: making false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. § 1692e(2)(B); using a false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the false representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless

such action is lawful and the debt collector or creditor intends to take such action, 15 U.S.C. § 1692e(4); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval, 15 U.S.C. § 1692e(9); the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

## Jurisdiction and Venue

10. This Honorable Court's jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 50 U.S.C. § 3901 et seq.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and omission giving rise to Plaintiff's claims occurred here.

## Parties

12. Plaintiff, Master Sergeant Christopher P. O. Banda, is a natural person and active-duty member of the United States Air Force.

13. Defendant, Elliott S. Cappuccio, is a natural person, whose mailing

address is 2161 NW Military Highway, Suite 400 San Antonio, Texas 78213.

14. Cappuccio is a lawyer licensed by the State Bar of Texas on November 6, 1998 and holds bar card number 24008419.

15. Defendant Ryan Quiroz, is a natural person, whose mailing address is 2161 NW Military Highway, Suite 400 San Antonio, Texas 78213.

16. Quiroz is a lawyer licensed by the State Bar of Texas on November 5, 2010 and holds bar card number 24066799.

17. Defendant Pulman, Cappuccio & Pullen, LLP, is a Texas limited liability partnership, whose mailing address is 2161 NW Military Highway, Suite 400 San Antonio, Texas 78213. PCP may be served via Randall A. Pulman, managing partner, at 2161 NW Military Highway, Suite 400 San Antonio, Texas 78213.

18. PCP is a debt collector as that term is defined by 15 U.S.C. § 1692a(6). Texas law references the FDCPA's definition of a debt collector in defining the term "third-party debt collector." It requires anyone meeting this definition to maintain a bond on file with the Secretary of State. Texas Finance Code §§ 392.001(7) and 392.101.

19. PCP maintains third-party debt collector bond number 62859686.

Facts

20. Master Sergeant Banda enlisted in the United States Air Force in 2010 and has been on active military service ever since.

21. In 2015, Master Sergeant Banda purchased a home in San Antonio to serve as his residence. It came with financial obligations to S.A. Wolf Creek Homeowner's Association, Inc.

22. After he purchased his home, Master Sergeant Banda began a series of overseas deployments. During these deployments he unknowingly fell behind on his obligation to the HOA.

23. In a filing dated September 14, 2020 his HOA sued him seeking foreclosure of its lien. As part of this suit, the HOA alleged he was served with process when he was not.

24. In a filing dated January 20, 2022 Plaintiff's HOA filed a motion for default judgment.

25. A true and correct copy of this motion and Exhibits A and A-1 thereto is attached as Exhibit 1.

26. This motion was supported by the affidavit of Defendant Elliot Cappuccio.

27. Cappuccio swore under penalty of perjury that Banda was not a servicemember.

28. Below is an excerpt from his affidavit:

10. I have reviewed data from the Servicemembers Civil Relief Act (the "**Act**") website at: https://www.dmdc.osd.mil/appj/scra/scraIndex.xhtml, to

**EXHIBIT A**
Page 3 of 4

determine whether Defendants are servicemembers within the meaning of the statute. Attached hereto as Exhibits "A-1" and "A-2" are true and correct redacted printouts from the website, showing that Defendants are not servicemembers within the meaning of the Act.

FURTHER AFFIANT SAYETH NAUGHT."

SIGNED this ____19th____ day ____January____, 2022.

_____
Elliott S. Cappuccio

29. In support of this assertion his affidavit references Exhibit A-1 which is report from the Department of Defense Manpower Data Center which shows that Master Sergeant Banda is "Still Serving" on active duty and has been since April 20, 2010.

30. Below is an excerpt of the relevant part of that document:

Last Name:     BANDA
First Name:    CHRISTOPHER
Middle Name:   P O
Status As Of:  Jan-19-2022
Certificate ID: 1LKQLZVHH15930L

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| Apr-20-2010 | Still Serving | Yes | Air Force Active Duty |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

31. Cappuccio's affidavit was executed knowingly, deliberately, and willfully, with a reckless disregard for the probable consequences. It was oppressive to the Plaintiff and malicious in that Plaintiff's suffering as a result of his conduct was a virtual certainty.

32. Cappuccio and Quiroz presented this motion and supporting affidavit to the 131st Judicial District Court in Bexar County, Texas.

33. They used Cappuccio's affidavit to misrepresent Master Sergeant Banda's status as a servicemember to secure a default judgment.

34. Following this they presented an order to the court.

35. That Court, relying on the affidavit of Cappuccio and at the urging of Cappuccio and Quiroz signed the judgment prepared by the two.

36. A true and correct copy of the order granting default judgment is attached as Exhibit 2.

37. The judgment falsely states that Master Sergeant Banda is not a servicemember and grants the HOA foreclosure of its lien.

38. The HOA foreclosed its lien which was purchased by Qum Qasr Series LLC.

39. The proceeds of the auction exceeded the past due HOA assessments, PCP's attorney's fees, and the fines and penalties assessed by the HOA.

40. After expiration of the six-month redemption period provided by Tex. Prop. Code § 209.011, Qum Qasr filed a petition for eviction on June 22, 2023.

41. Master Sergeant Banda was deployed to Incirlik Air Base in Turkey. At the expiration of that deployment, he received PCS orders to report to Aviano Air Base in Italy. During his move he discovered the eviction while on the phone with a contractor who was working on his home.

42. During their conversation, the contractor received eviction paperwork from a sheriff's deputy. This was the first he learned of Defendants' actions.

43. Master Sergeant Banda caught the next flight from to San Antonio.

44. As a high-ranking enlisted member of the Air Force, Master Sergeant Banda is privileged with security clearances and trusted with our nation's security. Defendants' actions have impaired his ability to conduct his work which in turn affects our national security.

## Actual Damages

45. Plaintiff has suffered actual damages as a result of these illegal tactics by these Defendants in the form of pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## Punitive Damages

46. Defendants' conduct was willful, and outrageous and akin to the common law torts of, inter alia, defamation, and conversion.

## Causes of Action

*Servicemembers Civil Relief Act Against Elliott S. Cappuccio, Ryan Quiroz, and Pulman, Cappuccio & Pullen, LLP*

47. Pursuant to § 3931 of the SCRA, Defendants were required by the Court to "file with the court an affidavit—

    a. stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or

    b. if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service."

48. Here, Cappuccio, executed an affidavit knowingly misrepresenting Master Sergeant Banda's military status.

49. Cappuccio, Quiroz, and PCP filed, used, and presented this false affidavit to the 131st Judicial District Court of Bexar County, Texas.

50. These actions were undertaken knowingly, deliberately, and willfully, with a reckless disregard for the truth and the probable consequences.

51. Defendants violated § 3931 when they knowingly and willfully filed false affidavits.

52. Defendants violated § 3931 when it presented an order stating that Plaintiff was not an active-duty service member when they knew otherwise.

53. SCRA § 3931 provides that "A person who makes or uses an affidavit …knowing it to be false, shall be fined as provided in title 18, or imprisoned for not more than one year, or both."

*Fair Debt Collection Practices Act Against Elliott S. Cappuccio, Ryan Quiroz, and Pulman, Cappuccio & Pullen, LLP*

54. Plaintiff, Master Sergeant Christopher P. O. Banda, is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

55. The delinquent HOA assessments are a consumer debt as that term is defined by 15 U.S.C. § 1692a(5) .

56. Pulman, Cappuccio, & Pullen, LLP is a debt collector as defined by 15 U.S.C. § 1692a(6).

57. Elliot S. Cappuccio is a debt collector by virtue of his membership in Pulman, Cappuccio, & Pullen, LLP.

58. Ryan Quiroz is a debt collector employed by Pulman, Cappuccio, & Pullen, LLP.

59. The FDCPA at 15 U.S.C. § 1692k(d) provides a statue of limitations of one year.

60. Master Sergeant Banda has been in active-duty military service at all times relevant to Defendant's action giving rise to his claims under the FDCPA.

61. The SCRA tolls this statute of limitations at 50 U.S.C. § 3936.

62. Defendants Cappuccio, Quiroz, and PCP violated the FDCPA in that they:

    a. Made a false representation concerning the character, amount, or legal status of a debt, specifically that a debt owed by servicemember was subject to entry of a default judgment when it was not in violation of 15 U.S.C. § 1692e(2)(a);

    b. Made false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. Specifically, they

represented that they had were entitled to recover attorney's fees when they were prohibited from obtaining that relief in violation of 15 U.S.C. § 1692e(2)(B);

c. Made a false representation that an individual is an attorney, specifically none of these defendants acted with the diligence, competence, or skill of a reasonable attorney. The documents containing the misrepresentations mentioned *supra* were created without significant attorney involvement in violation of 15 U.S.C. § 1692e(3);

d. Made the false representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. Specifically they moved the state court based on false representations of Plaintiff's military service to foreclose on Plaintiff's home when such action was prohibited by law in violation of 15 U.S.C. § 1692e(4);

e. Made a threat to take any action that cannot legally be taken or that is not intended to be taken. Specifically, defendants filed a motion containing a knowing misrepresentation to

obtain relief to which they were not legally entitled in violation of 15 U.S.C. § 1692e(5);

f. Used a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval. Specifically Defendants falsely represented the contents of a United States Department of Defense document in order to collect a debt in violation of 15 U.S.C. § 1692e(9);

g. Used a false representation or deceptive means to collect a debt. Specifically, Defendants conspired to made a false affidavit stating Master Sergeant Banda was not an active duty service member in an effort to collect a debt. This affidavit supported the motion filed and argument made in support of the entry of a judgment drafted by the same which stated that Master Sergeant Banda is not an active-duty servicemember. This was done is a violation of 15 U.S.C. § 1692e(10);

h. Collected a fee not permitted by law, specifically, in the motion for default judgment Cappuccio, Quiroz, and PCP seek to collect an award of attorney's fees when not permitted

by law. Following this, they did in fact collect these illegal fees when they conducted the HOA sale. This violates 15 U.S.C. § 1692f(1).

## Jury Demand

63. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## Prayer

Plaintiff prays this Court enter judgment against Defendant s and in favor of Plaintiff for:

a. Actual damages;
b. Statutory damages;
c. Punitive damages;
d. Mental anguish damages;
e. Attorney's fees;
f. Costs;
g. All other and further relief that may be available at law or equity.

Dated: August 1, 2023                    Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Phone: (210) 226-0800
Fax: (210) 338-8660
Email: bill@clantonlawoffice.com