IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER P. O. BANDA, | § § § | |
| *Plaintiff,* | § § § | 5:23-CV-00946-OLG-RBF |
| vs. | § § § | |
| ELLIOT S. CAPPUCCIO, RYAN QUIROZ, PULMAN, CAPPUCCIO, & PULLEN, LLP, | § § § § § | |
| *Defendants.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando Garcia:**

This Report and Recommendation concerns Defendant Ryan Quiroz's Motion for Summary Judgment. *See* Dkt. No. 20 (Mot.). Plaintiff filed no response to the motion. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 38. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Defendant Ryan Quiroz's Motion for Summary Judgment should be **GRANTED** and Quiroz should be **DISMISSED**.

The Court held a hearing on this motion and other matters on October 24, 2024. Dkt. No. 39. All parties appeared through counsel. Plaintiff Banda, through counsel, conceded on the record that Defendant Quiroz is entitled to summary judgment. The Court concurs.

Having read the summary judgment briefing and the pertinent record materials, the Court concludes that Defendant Quiroz has demonstrated conclusively that his role in the events giving

rise to Plaintiff's claims could not support liability against him under any pleaded claim or theory. *See* Fed. R. Civ. P. 56; *see also, e.g.*, *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir. 2010). For example, it is undisputed that Quiroz did not execute the affidavit that underlies Banda's Servicemembers Relief Act claims, which rely on allegations that the affidavit was "executed knowingly, deliberately, and willfully, with a reckless disregard for the probable consequences." Dkt. No. 1 (Compl.) ¶ 31. Likewise, Quiroz "was not directly involved in the drafting, filing, or execution of the Motion for Default Judgment or Affidavit." Mot. at 6. He therefore could not have filed, used, or presented the affidavit in violation of the Act. *See id.* As for Banda's claims under the Fair Debt Collection Practices Act, Banda does not contest that "Quiroz did not file any documents or affidavits as to Banda's military status." Mot. at 7. This undisputed fact defeats as a matter of law the various Fair Debt Collection Practices Act predicates alleged in the complaint against Quiroz.

Accordingly, the Court recommends Quiroz's Motion for Summary Judgment, Dkt. No. 20, be **GRANTED** and all claims against Quiroz be **DISMISSED**.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the

objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 31st day of October, 2024.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE