IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER P. O. BANDA, | § § § | |
| *Plaintiff,* | § § | 5-23-CV-00946-OLG-RBF |
| vs. | § § § | |
| ELLIOT S. CAPPUCCIO, PULMAN, CAPPUCCIO, & PULLEN, LLP, | § § § § | |
| *Defendants.* | § § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the parties' cross-motions for summary judgment. Defendants Elliott S. Cappuccio and Pulman, Cappuccio, & Pullen, LLP, his law firm, seek summary judgment on Plaintiff Christopher P.O. Banda's claims under the Servicemembers Civil Relief Act (SCRA) and Fair Debt Collections Act (FDCPA). *See* Dkt. No. 18. Banda, in turn, seeks summary judgment in his favor on those same claims. *See* Dkt. No. 21. Defendant Ryan Quiroz previously sought, Dkt. No. 20, and obtained, Dkt. Nos. 42 & 43, summary judgment on Banda's claims against him.

All pretrial matters in this action have been referred for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 38. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the parties' cross-motions for summary judgment, Dkt. Nos. 18 & 21, should both be **DENIED**.

**Factual and Procedural Background**

The following facts are taken from the allegations in Plaintiff Christopher P. O. Banda's Complaint, as well as the factual recitations in the parties' competing summary judgment motions. The facts provided herein, however, are not in dispute.

Banda sued Ryan Quiroz, Elliott S. Cappuccio, and Pulman, Cappuccio, & Pullen, LLP on August 1, 2023, alleging claims under the SCRA and FDCPA.[1] *See, e.g.*, Dkt. No. 1 (Complaint). Banda is a Master Sergeant and U.S. Air Force active-duty member. According to the Complaint, and not meaningfully disputed, Cappuccio signed and submitted an affidavit in support of a motion for default judgment in state court against Banda, which was filed as a result of an outstanding balance Banda owed to his homeowners' association. Cappuccio and Pulman, Cappuccio, & Pullen, LLP represented the homeowners' association. In the affidavit, Cappuccio swore that he had reviewed data from the Servicemembers Civil Relief Act website, including printouts from the website, to determine that Banda was not an active-duty servicemember. Cappuccio then affirmed that Banda is not a servicemember within the meaning of the Act, which is to say that he is not an active-duty member. Two documents were attached to the affidavit, one of which plainly reflects Banda's "Service Component" as "Air Force Active Duty." Dkt. No. 1 at 7-8; Dkt. No. 1-2 at 6-7 (Affidavit); Dkt. No. 1-2 at 8-9 (Status Report Pursuant to Servicemembers Civil Relief Act).

In January of 2022, Cappuccio and Pulman, Cappuccio, & Pullen, LLP obtained a default judgment against Banda. Dkt. No. 1-3. The Complaint alleges that the "judgment falsely states that Master Sergeant Banda is not a servicemember and grants the [homeowners' association] foreclosure of its lien." Dkt. No. 1 at 8. The homeowners' association then foreclosed. *Id.* at 9.

---

[1] Banda also sued Defendant Quiroz but those claims are omitted from discussion, as Defendant Quiroz has been dismissed from the case. *See* Dkt. Nos. 42 & 43.

When Banda learned of the default judgment and foreclosure, he took action, including filing this lawsuit. He alleges violations of the SCRA and FDCPA and seeks actual damages, statutory damages, punitive damages, mental anguish damages, attorney's fees, costs, and "all other and further relief that may be available at law or equity." *Id.* at 15.

## Analysis

Before the Court are the parties' cross-motions for summary judgment. As discussed in greater detail below, no party is entitled to summary judgment, and the cross-motions for summary judgment should be denied.

### The Summary Judgment Standard.

A grant of summary judgment is warranted if the movant shows there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. To demonstrate there is no genuine issue as to any material fact, the movant has the initial burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc and per curiam). "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (citation omitted). "Where, as here, parties have filed cross-motions for summary judgment, each motion must be considered separately because each movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law." *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 562 (5th Cir. 2010).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little*, 37 F.3d at 1075. Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts," and the Court will therefore grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id*. at 150, and must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

**A.      There Is a Triable Fact Issue as to Defendants' State of Mind**.

As mentioned, Plaintiff Banda brings two federal statutory claims, one under the SCRA and a second under the FDCPA, that both touch on Defendants' state of mind. Banda also alleges entitlement to recover punitive damages on the basis that "Defendants' conduct was willful, and outrageous and akin to the common law torts of, inter alia, defamation, and conversion." Dkt. No. 1 at 10. An essential element of a claim under the SCRA is that the defendant made or used an affidavit in support of obtaining a default judgment "knowing it to be false." 50 U.S.C. § 3931(c). The FDCPA, however, is a strict liability statute. *See* 15 U.S.C. § 1692k(a); *Reich v. Van Ru Credit Corp.*, 191 F. Supp. 3d 668, 672 (E.D. Tex. 2016). Arguments as to Defendants' state of mind are therefore pertinent to allegations of willfulness and to the knowledge component of the SCRA claim. On the FDCPA claim, Defendants' state of mind comes into play with respect to an affirmative defense, which will be discussed in the next section of this order.

On Banda's SCRA claim, there is a genuine issue of material fact concerning Defendants' knowledge of the falsity of the affidavit submitted. Defendants emphasize that Banda was instructed to inform the law firm if he was on active military duty but never did so. Dkt. No. 18 at 2-3. He instead allegedly elected to enter into a payment plan with respect to the debt. *Id.* at 4. An initial check of the Department of Defense Manpower Data Center information, according to Defendants, did not reflect that Banda was on active duty "in the past or present." *Id.*; Ex. G to Dkt. No. 18. A second check of that same information made on the day of filing, however, reflected that Banda was on active-duty status. That second Department of Defense Manpower Data Center report, Defendants explain, was then attached to the request for default judgment. Although Banda urges that attaching and submitting the second report amounts to conclusive proof of knowledge of the affidavit's falsity, that is not so. Attaching a report that

5

facially contradicts the affidavit is as reflective of inadvertence or negligence as it is of knowledge. Ultimately, whether Defendants knowingly submitted a false affidavit or negligently did so is a question a factfinder must decide; the Court does not weigh the disputed evidence at summary judgment.

Accordingly, as to the SCRA claim, Banda cannot meet his burden to obtain summary judgment as the summary-judgment movant on a claim for which he must carry the burden at trial. Consequently, Banda's remaining arguments in support of his summary judgment motion need not be addressed as to the SCRA claim. At the same time, Defendants cannot meet their summary judgment burden as the summary-judgment movants on a claim for which they do not bear the burden at trial, as there is a disputed question of fact. In short, no party is entitled to summary judgment on the SCRA claim.

As to a claim for, or allegations of, willfulness, it is unclear if Banda raises this issue as a standalone state law tort claim for which he seeks to recover punitive damages, or if he raises this as some kind of state law predicate to a punitive-damage recovery under the federal SCRA or FDCPA. Defendants appear to treat it as the former. Whatever its relationship to the federal claims, the willfulness allegation, for all the reasons just discussed, presents a disputed question of fact; neither party is entitled to summary judgment on the issue.

    **B.    Neither Party Is Entitled to Summary Judgment on Defendants' FDCPA Affirmative Defense.**

There is apparently no dispute, at least for purposes of the summary judgment arguments, that Banda can make out a claim under the FDCPA. The elements of a FDCPA claim are: "(1) the plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) the defendant is a debt collector; and (4) the defendant has violated 15 U.S.C. § 1692." *Davis v. Ditech Fin., LLC*, No. 6:16-CV-434-RP-JCM, 2017 WL 3709091, at *5 (W.D. Tex. May 26, 2017), *report and*

*recommendation approved*, No. 6:16-CV-434-RP, 2017 WL 8729024 (W.D. Tex. Nov. 28, 2017); *see* 15 U.S.C.§1692. Instead, the dispute on the FDCPA claim centers on Defendants' bona fide error affirmative defense. As to this argument, therefore, Defendants are the parties who at trial will bear the burden to prove the affirmative defense.

Under 15 U.S.C. § 1692k(c), parties in Defendants' position can defeat liability by showing at trial by a "preponderance of evidence that the [alleged] violation [of the FDCPA] was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." This issue is essentially a mirror image of the first issue discussed above, which is to say that Defendants—to prevail on their motion—must carry their summary judgment burden to show entitlement to relief as a matter of law on the affirmative defense concerning their state of mind. And Banda, to prevail on his motion as to this issue, must show an absence of any disputed issue of material fact. But as the Court previously discussed above, the question of Defendants' knowledge or state of mind is a disputed fact question. Neither Banda nor Defendants can carry their respective summary-judgment burden. Both motions for summary judgment should therefore be denied as to the FDCPA claim as well.

**C.   Defendants Are Not Entitled to Summary Judgment Due to a Lack of Damages.**

Finally, Defendants fail to demonstrate entitlement to summary judgment due to Banda's failure to present any evidence of recoverable damages. To start, an FDCPA claim need not involve any actual damages; a claim can proceed with only an award of statutory damages available. *See Griffin v. O'Brien, Wexler, & Associates, LLC*, 680 F. Supp. 3d 772, 787 (E.D. Tex. 2023) ("Nor does [a plaintiff] need to show any actual damages to recover statutory damages under the FDCPA."); *In re Eastman*, 419 B.R. 711, 733 (Bankr. W.D. Tex. 2009) ("With regard to the statutory damages, a plaintiff need not establish actual damages to recover

7

under the FDCPA"). As to the SCRA, although Defendants urge in their motion that Banda has not produced any evidence of monetary damages, *see* Dkt. No. 18 at 11, the motion acknowledges that Banda can be awarded costs and attorney's fees as a result of a SCRA violation. Nor does the motion argue that an award of actual damages, a declaration, or injunctive relief is a required prerequisite to any recovery of costs or attorney's fees. Accordingly, Defendants' argument fails in that nothing argued by Defendants appears to preclude recovery of costs and fees in the event of a successful claim under the SCRA.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that the parties' cross-motions for summary judgment, Dkt. Nos. 18 & 21, should both be **DENIED**.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the

proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

SIGNED this 26th day of February, 2025.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE